UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARANDA RAMBO,**

      **Plaintiff,**

v.                                                                                          Case No: 6:20-cv-1527-DCI

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

**MEMORANDUM AND OPINION**

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying her application for a period of disability and disability insurance benefits. In a decision dated July 24, 2019, the Administrative Law Judge (ALJ) found that Claimant had not been under a disability, as defined in the Social Security Act, from September 30, 2016, through the date of the decision, July 24, 2019. R. 19. Having considered the parties' memorandum and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

**I.     Issue on Appeal**

Claimant argues on appeal that (1) the ALJ failed to consider whether she was under a disability for the period of September 25, 2016 through at least December 19, 2017;[1] and (2) failed to properly consider the opinions of advanced registered cardiac nurse practitioners (ARNP) Vanhorn and Hayes. Doc. 31.

---

[1] Claimant initially states that the date is December 19, 2018, but later states that the date is December 19, 2017, which appears from the record to be the correct date. Doc. 31 at 15; R. 668.

## II.  Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

The Social Security Administration revised its regulations regarding the consideration of medical evidence—with those revisions applicable to all claims filed after March 27, 2017. *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). Claimant filed her claim after March 27, 2017, so the revised regulations apply in this action.

Those regulations require that an ALJ apply the same factors in the consideration of the opinions from all medical sources, rather than afford specific evidentiary weight to certain sources' opinions. 20 C.F.R. §§ 404.1520c(a); 416.920c(a). The ALJ will assess the persuasiveness of a medical source's opinion in light of five factors: 1) supportability; 2) consistency; 3) relationship with the claimant;[2] 4) specialization and 5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(c); 416.920c(c).

Supportability and consistency constitute the most important factors in any evaluation, and the ALJ must explain the consideration of those two factors. 20 C.F.R. §§ 404.1520c(b)(2);

---

[2] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

416.920c(b)(2). In assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis—the regulations themselves do not require the ALJ to explain the consideration of each opinion from the same source. 20 C.F.R. §§ 404.1520c(b)(1); 416.920c(b)(1). The regulations state:

> [W]hen a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from the medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative finding from one medical source individually.

20 C.F.R. §§ 404.1520c(b)(1); 416.920c(b)(1).[3]

Courts have found that "[o]ther than articulating his consideration of the supportability and consistency factors, the Commissioner is not required to discuss or explain how he considered any other factor in determining persuasiveness." *Freyhagen v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (citing *Mudge v. Saul*, 2019 WL 3412616, at *4 (E.D. Mo. July 29, 2019)). "Overall, supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021).

---

[3] The ALJ may—but is not required to—explain how she considered the remaining three factors (i.e., relationship with claimant, specialization, and "other factors"). 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2); *see also Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-CV-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) ("The new regulations are not inconsistent with Eleventh Circuit precedent holding that 'the ALJ may reject any medical opinion if the evidence supports a contrary finding.'") (quoting *Wainwright v. Comm'r of Soc. Sec. Admin.*, 2007 WL 708971, *2 (11th Cir. Mar. 9, 2007) (per curiam)).

### III. Discussion

#### A. Issue One: Whether the ALJ properly considered if Claimant was under a disability from September 25, 2016, through at least December 19, 2017

The ALJ found that Claimant has the following severe impairments: pneumoconiosis, valvular heart disease, and degenerative disc disease. R. 12. The ALJ determined that Claimant has the residual functional capacity (RFC) to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). R. 14.

In Claimant's applications, she alleged that September 30, 2016 was the onset date for her disability. R. 10. Claimant asserts that the ALJ failed to consider the closed period of disability from when she was first admitted to Florida Hospital on September 25, 2016, through December 19, 2017, the date "she was discharged from the hospital post tricuspid valve replacement surgery and pacemaker implant." Doc. 31 at 15. In a "closed period" case, the ALJ decides whether a claimant was disabled for a finite period that "started and stopped prior to the date of [the ALJ's] decision." *Mitchell v. Comm'r of Soc. Sec.*, 393 F. App'x 651, 652 (11th Cir. 2010) (quoting *Pickett v. Bowen*, 833 F.2d 288, 289 n.1 (11th Cir. 1987)).

Claimant asserts that the ALJ had a duty to consider this period and "erred by jumping to only the period post surgery, fifteen months later." Doc. 31 at 15. Claimant states that the ALJ considered ARNP Horn's opinion and found that "although the claimant required inpatient treatment prior to her valve replacement and pacemaker implantation in November 2017, following her procedure, there is no indication that the claimant would necessarily miss more than four days of work a month due to her impairments or treatments for impairments." *Id.*, citing R. 17. Claimant contends that other than this statement regarding the evaluation of the weight given to ARNP Horn's opinion, the ALJ does not explain why she would not be disabled for the period at issue. *Id.* at 15-16. Claimant argues that the ALJ erred by relying on evidence of improvement

- 4 -

over fifteen months after the September 2016 onset date and inappropriately failed to consider the time leading up to the improvement. *Id*. at 16, citing *Rodriguez v. Comm'r of Soc. Sec.*, 737 F. App'x 514 (11th Cir. 2018).

Claimant states that there can be a closed period of disability even if the person is later able to work and "the ALJ failed to adequately discuss the period prior to Ms. Rambo's November, 2017 surgery, discharge from the hospital on December 19, 2017, and time to recover following her surgery." *Id*. at 17. Claimant contends that the ALJ's recitation of the medical evidence during the period at issue supports a disability finding since she would miss more than four days a month of work as she was either hospitalized, on IV antibiotics, or too sick for employment. *Id*. Claimant argues that the ALJ provided no explanation for why he failed to consider this period and, therefore, "failed to 'state specifically the weight accorded to each item of evidence and why he reached that decision.'" *Id*, citing *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981).

To the contrary, the Commissioner argues that the ALJ properly considered the evidence for the entire period and substantial evidence supports the ALJ's decision that she was not disabled at any point from her alleged onset date through the date of the decision. *Id*. at 18. The Commissioner asserts that the ALJ found that Claimant had the RFC for sedentary work based on the evidence from the entire period and not because Plaintiff improved after heart surgery. *Id*., citing R. 14-18. The Commissioner argues that substantial evidence shows that Claimant retained the RFC to perform sedentary work from the alleged onset date through the date of the ALJ's decision. *Id*. at 19. The Commissioner also argues that Claimant failed to raise the issue of a closed period before the ALJ and, instead, claimed that she was disabled at all times since September 30, 2016. *Id*. at 19, citing R. 29, 34-35, 193. The Commissioner argues that this failure

"undercuts" her position that the ALJ erred by finding her not disabled for a closed period. *Id*. at 19.

The Court finds that Claimant's failure to previously raise this argument not only undermines the argument, but it also waives it. "A claimant's failure to request consideration of a closed period of disability precludes the claimant from arguing on appeal to the district court that the ALJ erred by failing to consider the same." *Hein v. Saul*, 2019 WL 4509381, at *6 (M.D. Fla. Sept. 19, 2019) (citing *Torres v. Commr of Soc. Sec.*, 2015 WL 898576, at *6 (M.D. Fla. Mar. 3, 2015); *Martin v. Astrue*, 2010 WL 1286520, at *11 (S.D. Fla. Feb. 24, 2010), *report and recommendation adopted*, 2010 WL 1257902 (S.D. Fla. Mar. 30, 2010). Since Claimant did not request a closed period of disability before the ALJ, she cannot argue here that the ALJ failed to consider it, and the claim is due to be rejected.

Further, the ALJ's decision states that Claimant was not disabled from September 20, 2016, through July 24, 2019—the date of the ALJ's decision. R. 19. There is nothing to reflect that the ALJ did not consider the period at issue, September 25, 2016 through December 19, 2017, or that she otherwise jumped ahead of the period as Claimant asserts. The record belies any such argument.

To the extent that the crux of the "jumping to" argument is that the ALJ inadequately considered the period, the Court still is not persuaded that Claimant is entitled to relief. The Court instead agrees with the Commissioner that the ALJ properly considered the entire period (including September 25, 2016 through December 19, 2017) and substantial evidence supports the ALJ's decision.

Specifically, the ALJ thoroughly discussed Claimant's hospitalizations and emergency room visits starting in September 2016 through November 2017 which were "due to complications

associated with her pulmonary and cardiac functioning" such as chest pain and shortness of breath. R. 15-16.  The ALJ further addressed the medical record associated with Claimant's November 7, 2017 tricuspid valve replacement with pacemaker implantation, and the physical examinations and diagnostic findings that followed.  R. 16.

> Also, with respect to the medical opinions, the ALJ found, in relevant part, that:
>
> Roland Gutierrez, M.D. is the State agency medical consultant who reviewed the medical evidence of record at the level of reconsideration. Based on his review of the evidence, Dr. Gutierrez found the claimant could lift and carry 20 pounds occasionally and ten pounds frequently, and sit, stand, and walk for six hours in an eight-hour workday. Dr. Gutierrez further indicated that the claimant could occasionally perform postural activities (Exhibits 7A/11-14 and 8A/l 1-14). Although Dr. Gutierrez had the opportunity to review the medical evidence of record, as it existed before him, subsequent treatment notes reflect that while the claimant was able to ambulate normally, and that cardiac findings on physical examination revealed she had regular heart rate and rhythm, even with a pacemaker, claimant developed shortness of breath when walking, which would necessarily limit the claimant's ability to perform exertional activities somewhat more than Dr. Gutierrez identified (see, for example, Exhibit 9F/4, 7, 10, and 13). Consequently, the undersigned finds that Dr. Gutierrez's opinion is not wholly consistent with or supported by the overall evidence of record, and that his opinion is therefore not entirely persuasive.
>
> Sandra Van Horn, ARNP, the claimant's primary care provider, indicated that the claimant could stand and/or walk for two hours in an eight-hour workday, walk the distance of less than one block, sit for 30 minutes at a time over the course of a day and lift and carry no more than ten pounds. Nurse Van Horn further indicated the claimant would need to take unscheduled breaks, would miss more than four days of work a month, and would have to elevate her legs to heart level for approximately 20 percent of the day (Exhibits 11F and 12F). Although Nurse Van Horn has evaluated the claimant multiple times over the course of the period at issue, the severity of Nurse Van Horn's limitations are not consistent with or supported by the overall evidence of record. For example, findings on physical examination fail to demonstrate that the claimant has had episodes of edema (see Exhibits 1F/356 and 9F/4 and 7). Further, although the claimant required inpatient treatment prior to her valve replacement and pacemaker implantation in November 2017, following her procedure, there is no indication that the claimant would necessarily miss more than four days of work a month due to her impairments or treatment for her impairments (see, for example, Exhibit 6F/2-3). Consequently, the undersigned finds that Nurse Van Horn's opinion is not entirely persuasive.

R. 17.

Based on the foregoing, the ALJ adequately addressed the persuasiveness of the medical opinions including ARNP Van Horn's limitation that Claimant would need to miss more than four days of work a month. *See* R. 17. The Court finds that the substantial evidence for the entire period, including the time prior to surgery and after discharge, supports the ALJ's decision that Claimant was not disabled from the alleged onset date until the date of the ALJ's decision.

### B. Whether the ALJ properly considered the opinions' of ARNPs Van Horn and Hayes

Claimant asserts that her condition never improved enough to work full time during the adjudicated period, even following the surgery to replace her mitral valve and pacemaker implant. Doc. 31 at 22. Once she was released from the hospital, Claimant states that ARNP Hayes and ARNP Van Horn both opined that she was incapable of working and those opinions should be "considered and articulated pursuant to the criteria of CFR 416.920c." *Id*. at 22. Claimant contends that the ALJ failed to consider ARNP Hayes' letter stating that she could not work at all and failed to mention ARNP Van Horn's finding that Claimant was too thin with a BMI of under 20, had "left sided pain with deep breaths," and had shortness of breath. *Id*. at 22-23. Claimant states that ARNP Hayes referred her for an echo carotid doppler which revealed moderately thickened tricuspid leaflets and moderate tricuspid regurgitation. *Id*. at 23. *Id*. Claimant states that she was also prescribed an inhaler and advised to follow up with the lung clinic. *Id*.

Based on the foregoing, Claimant argues that the ALJ failed to explain why the ARNP's[4] opinion that stress played a moderate role in bringing on symptoms was rejected or why ARNP Van Horn's opinion that she would need to take unscheduled breaks and to lay down during the day was unsupported by the medical evidence. *Id*. Claimant contends that the ALJ had a duty to

---

[4] Claimant does not specify which ARNP, but she cites to R. 1199 which is signed by ARNP Van Horn. ARNP Van Horn's opinion that stress plays a moderate role is actually found at R. 1195.

recontact ARNPs Hayes and Van Horn to fully develop the record especially since both are specialists in cardiology nursing. *Id*. at 24. Claimant cites to *Mills v. Astrue*, 226 F. App'x 926 (11th Cir. 2007), for the proposition that a treating physician who is also a specialist is generally entitled to more weight than that of a non-treating doctor or non-treating specialist. *Id*.

Claimant then argues that there is no medical opinion upon which the ALJ could rely when arriving at the RFC because she did not wholly rely on the opinion of Dr. Guiterrez. *Id*. It is Claimant's position that the use of a medical expert would have helped the ALJ determine how her condition leading up to surgery, undergoing surgery, and post-surgery could affect the ability to perform activities. *Id*. at 24-25. As such, Claimant asserts that the ALJ erred by acting as a medical expert to arrive at her own conclusion. *Id*. at 25. Claimant concludes that the ALJ failed to develop the record and acted as both judge and medical expert which was error requiring remand. *Id*. at 26.

To the contrary, the Commissioner argues that under the applicable regulations the ALJ did not err by failing to discuss ARNP Hayes' statement; that substantial evidence supports the ALJ's finding that ARNP Van Horn's opinion was not entirely persuasive; and that the ALJ did not need to further develop the record. Doc. 31 at 34. The Court agrees with the Commissioner.

With respect to the issue regarding the ALJ failure to consider the two opinions regarding her inability to work, the argument is raised in a perfunctory manner. This is true especially with respect to ARNP Hayes, where Claimant merely states that the nurse's letter should have been, but was not, considered. *See* Doc. 31 at 22. Claimant has not tied any of these alleged errors to any citation of legal authority that would entitle Claimant to relief. *See Whitten v. Soc. Sec. Admin., Comm'r*, 778 F. App'x 791, 793 (11th Cir. 2019) ("For an issue to be adequately raised in the opening brief, it must be plainly and prominently raised and must be supported by arguments and

y
z

citations to the record and to relevant authority") (citing *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014)).  Claimant includes a general citation to 20 C.F.R. § 416.920c but fails to discuss the "criteria" she vaguely mentions and how it applies to the facts of this case.  Accordingly, the Court finds that the argument is deemed waived.  *See Jacobus v. Comm'r of Soc. Sec.*, 2016 WL 6080607, at *3 n.2 (11th Cir. 2016) (stating that claimant's perfunctory argument was arguably abandoned.).

Assuming Claimant has provided enough of an analysis on her claim to bypass waiver, "the regulations assert that statements on issues reserved to the Commissioner, such as statements that a plaintiff can or cannot work, will constitute evidence that is inherently neither valuable nor persuasive."  *Diaz-Ortiz v. Comm'r of Soc. Sec.*, 2021 WL 4205850, at *14 (M.D. Fla. Sept. 16, 2021) (citing 20 C.F.R. § 404.1520b(c)(3)(i)).  "[T]he law judge is not required to even comment on that evidence in the determination."  *Marshall v. Kijakazi*, 2021 WL 4168107 (M.D. Fla. Sept. 14, 2021) (citing 20 C.F.R. § 404.1520b(c)(3)(i).  As such, the Court finds that Claimant is not entitled to relief based on this argument.

Further, along with the failure to discuss the statement on her inability to work, Claimant's list of findings not mentioned—her BMI, left sided pain, shortness of breath, thickened tricuspid leaflets, tricuspid regurgitation, stress, and prescription for an inhaler—does not demonstrate that Claimant is disabled.  A list of diagnoses or symptoms does not necessarily show that the plaintiff has a particular impairment or that it is or may be disabling.  *See Wind v. Barnhart*, 133 Fed. App'x 684, 690 (11th Cir. 2005) ("[A] diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient [to show disability]; instead, the plaintiff must show the effect of the impairment on her ability to work") (quoting *McCruter v.*

*Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)). The list of ARNP Van Horn's findings are not opinions on Claimant's specific functional limitations; functional limitations determine disability.

Next, Claimant's argument regarding the ALJ's duty to develop the record and recontact the nurse practitioners is without merit. The new regulations state that the ALJ *may* recontact a medical source *if* there is insufficient evidence to determine whether the claimant is disabled. 20 C.F.R. § 404.1520b(b)(2) (emphasis added). Here, the ALJ's findings were based on ample record evidence. The ALJ sufficiently analyzed the persuasiveness of the opinions as required under the regulations and the Court finds that the ALJ's treatment of the opinions is supported by substantial evidence.

Finally, to the extent that Claimant argues the ALJ improperly acted as her own medical expert, the ALJ made a determination on the persuasiveness of ARNP Van Horn and Dr. Guiterrez's opinions in light of the other evidence. An ALJ may not substitute her own opinion of a claimant's condition for that of a medical expert, *Freeman v. Schweiker*, 681 F.2d 727, 731-32 (11th Cir. 1982), or make medical findings herself, *Marbury v. Sullivan*, 957 F.2d 837, 840 (11th Cir. 1992), but it is her responsibility to resolve conflicting medical opinions. *Watson v. Heckler*, 738 F.2d 1169, 1172 (11th Cir. 1984). Here, the ALJ did not refuse to credit the medical source opinions based on her own medical findings. Rather, she considered the opinions and offered explanations regarding consistency and supportability within the record. The Court is not convinced that the ALJ improperly assumed the role of medical expert as Claimant asserts. *See Ybarra v. Comm'r of Soc. Sec.*, 658 F. App'x 538, 543 (11th Cir. 2016) (finding that "the ALJ did not usurp the role of a physician" by weighing the credibility of a medical expert's opinion "in light of the other record evidence.").

    **IV.**    **Conclusion**

For the stated reasons, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment for the Commissioner and close the case.

**ORDERED** in Orlando, Florida on December 8, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE